# UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| **LMN INVESTMENTS LLC,**<br><br>**Movant,**<br><br>**v.**<br><br>**INSPIRE CAPTIAL PARTNERS LP, INVESTMENT SCIENCE LLC and MICHAEL THOMAS KELLY**<br><br>**Defendants.** | **RULING & ORDER**<br><br>**Case No. 2:25-cv-00567**<br><br>**District Court Judge Ted Stewart**<br><br>**Magistrate Judge Dustin B. Pead** |

## INTRODUCTION[1]

Currently pending is Defendant Michael T. Kelly's ("Mr. Kelly" or "Defendant") Motion to Quash Third Party Subpoena served on Mountain America Credit Union ("MACU") by LMN Investments LLC ("Plaintiff" or "LMN").[2]

Mr. Kelly motions the court to quash the MACU subpoena arguing it improperly seeks documents containing "sensitive, privileged and protected financial information."[3] Because Defendant filed his Motion after MACU made its production to LMN, Defendant seeks destruction of any MACU records produced and currently in Plaintiff's possession.[4]

---

[1] This case is before the court pursuant to a 28 U.S.C. § 636(b)(1)(A) referral from District Court Judge Ted Stewart. *See* ECF No. 44, Order for Reassignment; ECF No. 45.

[2] ECF No. 36, Motion to Quash Third-Party Subpoenas ("Motion").

[3] ECF No. 79, Reply Memorandum in Support of Defendant Michael Kelly's Motion to Quash Subpoenas.

[4] *Id.*; Fed. R. Civ. P. 45(e)(2)(B) ("If the information produced in response to a subpoena is subject to a claim of privilege or protection as trial-preparation material, the person making the claim may notify any

LMN opposes the Motion, arguing Mr. Kelly lacks standing and fails to establish that the subpoenaed documents are protected. As set forth herein, the court agrees.

## **LEGAL STANDARD**

The current dispute is impacted by Federal Rules of Civil Procedure 26 and 45. Federal Rule 26 governs discovery motions and provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any part's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.[5]

In addition to the confines of Federal Rule 26, Federal Rule 45 requires the court to quash or modify a subpoena that: (i) fails to allow a reasonable time to comply (ii) requires excessive travel by a party or non-party; (iii) requires disclosure of a privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.[6] "A subpoena that is overly broad, irrelevant, or duplicative . . . create[s] undue burden and expense and can be quashed."[7]

"A motion to quash a subpoena is left to the sound discretion of the trial court,"[8] and the party seeking to quash bears the burden of establishing good cause for doing so.[9]

---

party that it received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has . . . .").

[5] Fed. R. Civ. P. 26(b).

[6] Fed. R. Civ. P. 45(d)(3)(A).

[7] *Heartland Surgical Specialty Hospital LLC v. Midwest Div., Inc.,* 2007 U.S. Dist. LEXIS 53217, at *21 (D. Kan. July 20, 2007).

[8] *Gulley v. Orr,* 905 F.2d 1383, 1386 (10th Cir. 1990).

## DISCUSSION

As an initial matter, LMN raises numerous procedural objections to Mr. Kelly's motion.[10] Some of those concerns are addressed through attachment of the relevant subpoenas to LMN's opposition, along with Defendant's partial withdrawal of the Motion as it relates to Bank of America, MidFirst Bank and JP Morgan Chase.[11] Further, the court recognizes that Mr. Kelly's Motion was filed pro se and without the benefit of counsel.[12] While proceeding pro se does not excuse Defendant's procedural deficiencies, the court construes Mr. Kelly's motion liberally.[13]

### 1. Mr. Kelly Does Not Establish Standing To Challenge The Subpoena

Mr. Kelly has not established standing to quash the MACU subpoena. In general "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed."[14] However, an exception exists "where the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[15]

---

[9] *See In Re Coordinated Pretrial Proceedings in Petroleum Prod. Antitrust Litig.,* 669 F.2d 620, 623 (10th Cir. 1982); *Morales v. E.D. Etnyre & Co.,* 228 F.R.D. 694, 696 (D.N.M. 2005).

[10] ECF No. 41, Plaintiff's Opposition to Kelly's Motion to Quash Third-Party Subpoenas or in the Alternative for Protective Order and Sanctions"; ECF No. 84, Plaintiff's Surreply in Opposition to Motion to Quash Third-Party Subpoenas.

[11] ECF No. 79 at 4.

[12] Plaintiff's Reply Memorandum was filed with the benefit of counsel Andrew Deiss. *See* ECF No. 79

[13] *Boldridge v. City of Atchison,* 2025 U.S. App. LEXIS 25451, at *7 (10th Cir. 2025) (*citing Carney v. Oklahoma Dep't of Public Safety,* 875 F.3d 1347, 1351 (10th Cir. 2017) ("Although we construe . . . pro se papers liberally, we cannot make arguments for [the pro se party].")).

[14] *Zoobuh, Inc. v. Rainbow Int'l Corp.,* 2015 U.S. Dist. LEXIS 59349, at * 5 (D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted).

[15] *Richards v. Convergys Corp.,* 2007 U.S. Dist. LEXIS 9131, at *3 (D. Utah February 6, 2007); *see also Transcor, Inc. v. Furney Charters, Inc.,* 212 F.R.D. 588, 590 (D. Kan. 2003).

Mr. Kelly argues he has standing to object to the MACU subpoena because it seeks personal financial records "associated with Michael Thomas Kelley at his home address, 209 Grand Boulevard, Long Beach, New York 11561."[16] Yet a review of the subpoena does not reveal any request for documents associated with Mr. Kelly's home address. Rather, among other things, the MACU subpoena seeks:

> [a]ll documents concerning the title, ownership, opening, administration, management, operation, transactions, activity, and/or closing of Account No. 501013492958 at Mountain America, including all signature cards, account agreements, or other documents relating to the Account.[17]

In response to the subpoena, MACU produced documents related to Account 501013492958 (the "Account"). That Account appears to be owned by Defendant Inspire Capital Partners LP ("Inspire Capital"), not by Mr. Kelly.[18] Given Inspire Capital's ownership of the Account, LMN challenges Defendant's standing to object to the subpoena. But Mr. Kelly does not address this issue or provide any information that would establish his personal right or privilege in the Account.[19] As a result, Mr. Kelly has not met his burden to demonstrate standing to object to the MACU subpoena.[20]

### 2. Even If Mr. Kelly Had Standing, He Does Not Met His Burden Of Establishing Protected Information

Nonetheless, even assuming Mr. Kelly had standing to object, Defendant fails to establish that the subpoenaed documents contain his protected information.

---

[16] ECF No. 36 at 2.

[17] ECF No. 41-1, Addendum A to Subpoena to Produce Documents to Mountain America Credit Union.

[18] ECF No. 41-3, Exhibit C, Mountain America Credit Union Account Statements listing Inspire Capital Partners LP as the account holder.

[19] *Id.*

[20] *Billy v. Edge Homes, LLC.,* 2021 U.S. Dist. LEXIS 35882, at *2 (D. Utah Feb. 26, 2021).

Defendant objects pursuant to Federal Rules 45(d)(3)(iii) arguing the MACU subpoena requires disclosure of "payments to and from individuals and entities holding security clearances, as well as information that could reveal the existence of sensitive federal contracts and projects on which Mr. Kelly or [Defendant] Investment Science has worked or is currently working."[21] Mr. Kelly also argues the subpoenaed documents contain his trades secrets.[22]

Despite asserting protected materials under Rule 45, Mr. Kelly does little to support his claims. While his declaration indicates that he holds a Class 3 security clearance and is authorized to work on sensitive government contracts, Mr. Kelly does not identify a single personal, protectible document that MACU possesses or that has been provided to LMN. In turn, the underlying case involves financial services for private companies, and Mr. Kelly does not assert the Account was used for activities implicating his security clearance or work for the federal government.[23] Similarly, Defendant does not identify any trade secrets that were disclosed and there is "no absolute privilege for trade secrets and similar confidential information."[24]

Although Mr. Kelly raises concerns about the alleged disclosure of sensitive federal contracts and projects, this is not enough. Instead, his claim "must be expressly made and supported by a sufficient description of the nature of the documents [and] communications . . . ."[25] Here, Mr. Kelly fails to describe or elaborate on the nature of the protected documents with

---

[21] ECF No. 79 at 4; ECF No. 79-1 at ¶¶ 1-4, Declaration of Michael Thomas Kelly.

[22] *Id.* at ¶¶ 6-7; Fed. R. Civ. P. 45(d)(3)(iii) (requiring court to quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or wavier applies. . . .").

[23] *See generally,* ECF No. 1.

[24] *Zoobuh Inc,* at *9.

[25] *Id.* (*citing Diamond State Ins. Co. v. Rebel Oil Co.,* 157 F.R.D 691, 697 (D. Nev. 1994)).

any specificity or particularity.[26] As a result, Defendant has not met his burden of establishing the documents provided to LMN are privileged or protected, and Mr. Kelly's Motion to quash the MACU subpoena and destroy documents in LMN's possession is denied.[27]

## <u>ORDER</u>

For the above stated reasons, the court finds that Mr. Kelly lacks standing to bring his motion because he fails to demonstrate a personal right or privilege with respect to the Account. Further, even if Plaintiff did not lack standing, the motion would be denied on the merits.

Defendant Michael Kelly's Motion to Quash third party subpoena and destroy documents is DENIED.[28]

DATED this 24th day of February, 2026.

BY THE COURT:

Dustin B. Pead
U.S. District Magistrate Judge

---

[26] *Id.*

[27] As a reminder, while the court's standard protective order currently governs, if the parties believe additional protection is needed they are invited to meet and confer and submit a stipulated protective order addressing specific concerns. *See* DUCivR 26-2, Standard Protective Order.

[28] ECF No. 36.